UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-704-RJC-DSC

| | |
|---|---|
| CURTIS STEELE AND YOLANDA, HARRINGTON, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>CAPITAL ONE HOME LOANS, LLC, )<br>et al., )<br>Defendants. )<br>_____ ) | **ORDER** |

**THESE MATTERS** come before the Court on Plaintiffs' Summons and Complaint for a Temporary Restraining Order, Injunction and Declaratory Relief. (Doc. 1-1: Ex. A).

## I.  BACKGROUND

Plaintiffs filed their Summons and Complaint in North Carolina Superior Court on November 18, 2013 for a Temporary Restraining Order (TRO), Injunction, and Declaratory Relief. (Doc. 1: Ex. A). A Notice of Removal from Mecklenburg County Superior Court was filed on December 23, 2013. (Doc. 1). The case was assigned to this Court on December 26, 2013. This Court granted Defendants Capital One Home Loans, LLC and Mortgage Electronic Registration Systems' Motion to Consolidate this case with <u>Curtis Steel and Yolanda Harrington v. Capital One Home Loans, LLC, et. al.</u>, Case No. 3:13-cv-705-FDW-DCK, on January 31, 2014. (Doc. 25).

## II.  DISCUSSION

Rule 65(b) provides that, upon a proper showing, a court may issue a temporary restraining order without notice to the adverse party. FED. R. CIV. P. 65(b).  "[W]hether an

interlocutory injunction is labeled a TRO or a preliminary injunction is not of particular moment, so long as the opposing party is given notice and an opportunity to oppose that is commensurate with the duration of the injunction." Ciena Corp. v. Jarrad, 203 F.3d 312, 320 (4th Cir. 2000). Rule 65(b)(1)(A) provides that the court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Here, Plaintiffs included a verified complaint, which, for this ruling, will be treated as Plaintiffs' Motion for TRO. (Doc. 1-1: Ex. A).

A preliminary injunction is an "extraordinary and drastic remedy" never awarded as a matter of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding such request." Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (2008). An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course. Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982) ("[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law.").

A plaintiff seeking a preliminary injunction must establish four elements, including that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). A preliminary injunction is to be granted only if no adequate remedy at law exists, and the moving party clearly establishes the requisite entitlement. See Federal Leasing, Inc. v. Underwriters at

Lloyd's, 650 F.2d 495, 499 (1981).

In order to prove the first element for a preliminary injunction, the likelihood of success on the merits requires factual allegations sufficient to address each element of Plaintiffs' allegations. Winter, 555 U.S. at 20. Here, Plaintiffs have included a long list of general allegations about wrongdoing in the mortgage financing industry. (Doc. 1: Ex. A). Plaintiffs have not, however, alleged sufficient facts against the Defendants to support a finding that they will likely prevail in this matter. Accordingly, the Court cannot find that Plaintiffs have made a sufficient showing of likelihood of success on the merits and the Court cannot afford Plaintiffs injunctive relief based upon the facts alleged.

For this reason, the Court **DENIES** and **DISMISSES** Plaintiffs' claims for injunctive relief.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' claims for injunctive relief are **DENIED and DISMISSED with prejudice**.

_____
Robert J. Conrad, Jr.
United States District Judge