IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:13-CV-704-RJC-DSC
(CONSOLIDATED WITH 3:13-CV-705-RJC-DSC)

| | |
|---|---|
| CURTIS STEELE and <br> YOLANDA HARRINGTON, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL ONE HOME LOANS, LLC, <br> et. al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant Capital One Home Loans, LLC and Mortgage Electronic Registration System, Inc.'s "Motion[s] to Dismiss" (documents ##15 and 26), Defendants HSBC Finance Corporation, HSBC Home Equity Loan Corporation I, US Bank Trust, NA as Trustee for securitized trust HSBC Home Equity Loan Trust 2005-1 and JPMorgan Chase Bank, NA's "Motion[s] to Dismiss" (documents ##20 and 27),[1] Defendants' "Motion to Stay Discovery …" (document #34), and "Motion for Protective Order [prohibiting Plaintiffs from conducting discovery prior to entry of a scheduling order]" (document #38), as well as the parties' briefs and exhibits. See documents ##16, 21, 26-1, 27-1, 30, 31, 33, 35-37, 39 and 40.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the

---

[1]The Motions to Dismiss docketed as Documents ##26 and 27 were filed in File No. 3:13CV704 prior to consolidation.

1

undersigned respectfully recommends that the Motions to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the consolidated Complaints as true, on April 12, 2005, Plaintiffs "without [their] knowledge" obtained a loan from Defendant Capital One Home Loans, LLC ("Capital One") in the principal amount of $135,350.00 ("Loan 1"). The loan was evidenced by an Adjustable Rate Note (the "Note") executed by Plaintiff Steele and a Deed of Trust executed by both Plaintiffs. Loan 1 was secured by a Deed of Trust on Plaintiffs' Property located at 548 Moss Stream Lane in Charlotte, North Carolina (the "Property"). Plaintiffs also allege that on June 29, 2005, they obtained a second loan ("Loan 2") from Defendant HSBC Finance Corporation ("HSBC") in the principal amount of $918,850,000.00 and purportedly evidenced by a promissory note and deed of trust.[2]

Plaintiffs seem to allege that one or both of the notes were transferred into a "Common Law Trust." Plaintiffs assert that any assignment or transfer of the notes was improper thereby rendering the transaction invalid and preventing Defendants from having a perfected title to the Property. Plaintiffs also allege that Defendants Capital One and HSBC improperly qualified them for the loans.

On November 13, 2013, Plaintiffs filed their Complaints in Mecklenburg County Superior Court. Plaintiffs plead ten "causes of action": (1) Lack of Standing/Wrongful Foreclosure; (2) Fraud in Concealment; (3) Fraud in Inducement; (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) the Truth in

---

[2]There is no indication in the record that this loan exists.

Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C § 1601, et seq.; (9) the Real Estate Settlement Procedures Act, 12 U.S.C § 2601, et seq. ("RESPA"); and (10) Rescission. Plaintiffs do not allege that any foreclosure proceedings have been initiated. They allege only that Defendant Capital One threatened foreclosure in a letter. Defendants ask the Court to take judicial notice that no foreclosure sale has occurred.

On December 23, 2013, Defendants Capital One Home Loans, LLC and Mortgage Electronic Registration System, Inc. ("MERS") removed the state court action to the United States District Court for the Western District of North Carolina. Defendants assert the existence of federal question jurisdiction based upon Plaintiffs' eighth and ninth causes of action brought pursuant to TILA, HOEPA and RESPA. The Notice of Removal states that all remaining Defendants consent to removal.

In their Motions to Dismiss, Defendants contend, inter alia, that six of Plaintiffs' claims are barred by the applicable statutes of limitations and that the remaining claims fail for lack of standing or failure to allege facts sufficient to support them.

Defendants' Motions to Dismiss have been fully briefed and is ripe for determination.

## II. <u>DISCUSSION</u>

### A. <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at

563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual

4

allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

   B. **Statutes of Limitations**

   Accepting the factual allegations of the Complaint as true, Plaintiffs' claims for Fraud in Concealment, Fraud in Inducement, TILA and HOEPA, RESPA and Rescission are barred by the applicable statutes of limitations. Under North Carolina law, a claim for fraud and misrepresentation must be brought within three years of the time Plaintiffs knew or reasonably should have known of the facts giving rise to the fraud and misrepresentation. N.C. Gen. Stat. § 1-52 (three year statute of limitations for fraud and misrepresentation). "Where a person is aware of facts and circumstances which, in the exercise of due care, would enable him or her to learn of or discover the fraud, the fraud is discovered for the purposes of the statute of limitations." Jennings v. Lindsey, 69 N.C. App. 710, 715, 318 S.E.2d 318, 321 (1984) (citations omitted).

   To the extent that Plaintiffs attempt to plead a claim for rescission, the statute of limitations is three years. N.C. Gen. Stat. § 1-52(9); Sunset Beach Development, LLC v. AMEC, Inc., 675 S.E.2d 46, 58 (2009).

   Under TILA, their claims are barred by the one-year statute of limitations for actions seeking civil damages. See 15 U.S.C. § 1640(e). If Plaintiffs seek rescission under TILA, as it seems in Cause of Action 10, a three year statute of limitations applies. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 418 (1998) ("We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run"); Gilbert v. Res. Funding, LLC, 678 F.3d 271, 277-78 (4th Cir. 2012) (noting

5

that statute of limitations for rescission under TILA is satisfied if a plaintiff exercises, not enforces, her right to rescind within three years of the closing). "The statute of limitations for any claim under HOEPA expires, at the latest, three years from the date the plaintiff entered the loan agreement." Hasan v. Friedman & MacFadyen, P.A., No. DKC 11-3539, 2012 U.S. Dist. LEXIS 100995, at *17 (D. Md. July 20, 2012). The statute of limitations for a RESPA claim is one year. See 12 U.S.C. § 2614; Zaremski v. Keystone Title Associates, Inc., 1989 WL 100656, *1 (4th Cir. 1989).

All of these claims relate to loan origination. Plaintiff obtained the loans in 2005 and filed this action in November 2013, more than five years beyond the applicable statutes of limitations. Accordingly, the undersigned respectfully recommends that the Defendants' Motions to Dismiss be granted as to Plaintiffs' causes of action for Fraud in Concealment, Fraud in Inducement, TILA and HOEPA, RESPA and Rescission.

### C. Claims Predicated on Foreclosure

Plaintiffs' claims for Lack of Standing/Wrongful Foreclosure, Slander of Title, Quiet Title and Declaratory Relief all assert that Defendants have no "standing" or authority to foreclose on the Property. Plaintiffs allege only that Defendant Capital One threatened foreclosure in a letter. Plaintiffs have cited no authority and the undersigned is aware of none permitting them to challenge Defendants' right to foreclose on the property in the future. With respect to Plaintiffs' cause of action entitled "Wrongful Foreclosure," that "claim … is based on fraud and accrues when the mortgagee conveys the property to a third party." Porterfield v. JP Morgan Chase Bank, Nat'l Ass'n, 2013 WL 5755499, *2 (E.D.N.C. Oct. 23, 2013).

Plaintiffs seek declaratory relief establishing that Defendants have no power to enforce the Note or Deed of Trust following the mortgage securitization process. This argument has no

merit. See, e.g., Porterfield, 2013 WL 5755499, at *5 ("Plaintiff alleges that the Note was securitized, and as a result, became a stock which means it is no longer a loan and is thus extinguished. 'Plaintiff's argument—that Defendant's securitization of his loan relieved him of his obligation to pay on the note—has been consistently rejected . . . nationwide.'") (citation omitted). Courts have also rejected Plaintiffs' "note splitting" theory, which is akin to the securitization claims. See, e.g., Mullis v. First Charter Bank, No. 5:12cv90, 2013 U.S. Dist. LEXIS 105927, at *9-11 (W.D.N.C. July 28, 2013) ("The Court agrees with Defendants that no legal authority, either cited by Plaintiffs or found by this Court, supports the Plaintiffs' naked assertion . . . [that] '[b]ecause the ownership of the Deed of Trust and the Note have been bifurcated and are not together with the same entity, the Deed of Trust has been rendered void and a nullity and constitutes a cloud on title.'").

In North Carolina, the holder of a note can enforce it as well as the deed of trust. Under the Uniform Commercial Code, as adopted by North Carolina, "holder" is defined to mean "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" N.C. Gen. Stat. § 25-1-201(21)(a). "'Person' means an individual, corporation … or any other legal or commercial entity." N.C. Gen. Stat. § 25-1-201(27). Furthermore, "[u]nder the UCC, as adopted by North Carolina, '[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.'" In re David A. Simpson, P.C., 211 N.C. App. 483, 490, 711 S.E.2d 165, 171 (2011) (quoting N.C. Gen. Stat. § 25–3–203(a) (2009)). Under G.S. § 25-3-205(b), "[i]f an endorsement is made by the holder of an instrument and it is not a special endorsement, it is a "blank endorsement". When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone

until specially endorsed."

For those reasons, Plaintiffs' causes of action to Quiet Title and for Slander of Title also fail. See, e.g., Joy v. MERSCORP, Inc., 935 F. Supp. 2d 848, 867 (W.D.N.C. 2013) ("Because plaintiff has not alleged any facts providing a basis for removing the deed of trust as an encumbrance on his property, where it is undisputed also that he defaulted on his mortgage loan, and because defendants are not presently asserting any other encumbrance adverse to plaintiff, there is no basis for a quiet title claim"); Town of Nags Head v. Toloczko, 863 F. Supp. 2d 516, 535 (E.D.N.C. 2012) ("[s]lander of title occurs when an individual maliciously makes false statements about the title of another's property, thus causing special damages") (citing Mecimore v. Cothren, 109 N.C. App. 650, 428 S.E.2d 470, 473 (1993)).

For these reasons, Defendant's Motion to Dismiss should be granted as to Plaintiffs' causes of action for Lack of Standing/Wrongful Foreclosure, Slander of Title, Quiet Title and Declaratory Relief.

**D. Claim for Intentional Infliction of Emotional Distress**

"In order to state a claim for intentional infliction of emotional distress in North Carolina, a plaintiff must allege facts demonstrating: '1) extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress.'" McEntire v. Johnson, No. 1:12cv327, 2013 U.S. Dist. LEXIS 151482, at *6 (W.D.N.C. Sept. 20, 2013) (quoting Holloway v. Wachovia Bank & Trust Co., N.A., 339 N.C. 338, 452 S.E.2d 233 (1994)). "Conduct is extreme and outrageous when it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citation omitted). "Whether or not conduct constitutes the type of extreme and outrageous conduct that could give rise to an intentional

infliction of emotional distress claim is a question of law for the Court." Id. (citation omitted).

At most, Plaintiffs allege that Defendants wrongfully hold the Note and may seek to foreclose in the future. These allegations do not support a claim for intentional infliction of emotional distress. See Clay v. CitiMortgage, Inc., No. 1:08cv925, 2011 U.S. Dist. LEXIS 89696, at *18 (M.D.N.C. Aug. 11, 2011) (denying IIED claim where plaintiff did not "present[] any evidence that Defendant engaged in extreme and outrageous conduct" and "[d]efendant has presented evidence that it proceeded with a foreclosure and sale as permitted pursuant to the terms of the Note and Deed of Trust"). Accordingly, the undersigned respectfully recommends that Plaintiffs' claim for intentional infliction of emotional distress be dismissed.

### E. Request for Leave to Amend

In their responsive briefs, Plaintiffs seek leave to amend should the Court conclude that the Motions to Dismiss are "well founded." Local Rule 7.1(C)(2) provides that motions may not be included in responsive briefs. Moreover, Plaintiffs offer no forecast of any proposed amendments. For the reasons stated above, the Court concludes that any amendment would be futile. To the extent that Plaintiffs' briefs contain a motion for leave to amend, it should be denied.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

2. Defendants' "Motion to Stay Discovery …" (document #34) and "Motion for Protective Order" (document #38) are **DENIED AS MOOT**.

9

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Capital One Home Loans, LLC and Mortgage Electronic Registration System, Inc.'s "Motion[s] to Dismiss" (documents ##15 and 26), Defendants HSBC Finance Corporation, HSBC Home Equity Loan Corporation I, US Bank Trust, NA as Trustee for securitized trust HSBC Home Equity Loan Trust 2005-1 and JPMorgan Chase Bank, NA's "Motion[s] to Dismiss" (documents ##20 and 27) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 7, 2014

_____
David S. Cayer
United States Magistrate Judge