**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-CV-704-RJC-DSC**
**(CONSOLIDATED WITH 3:13-CV-705-RJC-DSC)**

| | | |
|---|---|---|
| **CURTIS STEELE and** | ) | |
| **YOLANDA HARRINGTON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CAPITAL ONE HOME LOANS, LLC,** | ) | |
| **et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Magistrate's Memorandum and

Recommendation (M&R), (Doc. 41), the Defendants' Motions to Dismiss, (Docs. 20, 26, 27),

and Plaintiffs' responses, (Docs. 30, 31, 40, 50). It is now ripe for review.

**I.     BACKGROUND**

Plaintiffs Curtis Steele and Yolanda Harrington, proceeding pro se, allege ten causes of

action against Defendants for an improper transfer of notes on Plaintiffs' loans into a "Common

Law Trust." (Doc. 1-1). In general terms, Plaintiffs challenge the legality of the process of

securitizing loans. Additionally, Plaintiffs contest the title and ownership of the property in

question, seeking damages, rescission, declaratory judgment and injunctive relief. (Id.)

Plaintiffs allege that the first loan was obtained from Defendant Capital One Home

Loans, LLC on April 12, 2005, in the amount of $135,000, and was secured by a Deed of Trust

on Plaintiffs' home (Property) in Charlotte, North Carolina. (Id.) The second loan was obtained

on June 29, 2005, from Defendant HSBC Finance Corporation in the amount of

$918,850,000.00[1], and was also allegedly secured by a promissory note and deed of trust. (Id.) The notes were then transferred improperly into a trust, thereby preventing Defendants from having a perfected title to the Property. (Id.; Doc. 41). Plaintiffs also allege that Defendants Capital One and HSBC improperly qualified them for the loans. (Doc. 41).

Plaintiffs' Complaint, filed on November 13, 2013, alleges the following: (1) Lack of Standing/Wrongful Foreclosure; (2) Fraud in Concealment; (3) Fraud in Inducement; (4) Intentional Infliction of Emotional Distress (IIED); (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Truth in Lending Act (TILA) and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601 et seq.; (9) the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. sec 2601 et seq.; and, (10) Rescission. The matter was referred to the Magistrate Judge who recommended that Defendants' Motions to Dismiss be granted. Plaintiffs filed timely objections to the M&R.

## II.    STANDARD OF REVIEW

A party may file specific, written objections to a magistrate judge's M&R within fourteen days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); see FED. R. CIV. P. 72(b); see United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs,

---

[1] Plaintiff refer to a loan made in this amount in various places in their briefs. The Magistrate Judge notes that there is no indication in the record that this loan exists. (Doc. 41).

Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## III. DISCUSSION

Plaintiffs' causes of action can be divided into three groupings: claims found by the Magistrate Judge to be time-barred, claims asserting Defendants lack standing to foreclose, and the remaining claim of IIED. The Court will analyze each grouping of claims in turn.

### A. Matters Considered

In considering a 12(b)(6) motion, courts may consider exhibits such as contracts that are integral to and were relied upon in the complaint and whose authenticity is not in dispute. Blankeship v. Manchin, 471 F.3d 523, 525 n.1 (4th Cir. 2006). Here, Defendants have submitted relevant documents associated with the closing of the loans, which were referred to in the complaint and whose authenticity is not in dispute.

### B. Statute of Limitations

Generally, a motion to dismiss under Rule 12(b)(6) "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, in limited circumstances, courts may determine the merits of an affirmative defense at this stage of litigation if "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). Here,

Plaintiffs allege sufficient facts regarding the closing date of the various loans to allow the Court

to fix certain periods for statute of limitations purposes. Accordingly, all facts necessary to make

a determination of the relevant limitations period appear on the face of Plaintiffs' complaint.

Under North Carolina law, a claim for fraud must be brought within three years of the

time Plaintiffs knew or reasonably should have known of the facts giving rise to the cause of

action. N.C. Gen. Stat. § 1-52. Plaintiffs' claims of Fraud in Concealment and Fraud in

Inducement consequently have a three year statute of limitations. Plaintiffs' TILA and HOEPA

claim have one-year statute of limitations as they are actions seeking civil damages. 15 U.S.C. §

1640(e). The statute of limitations for a RESPA claim is also one year. 12 U.S.C. § 2614.

Finally, Plaintiffs' rescission claim has a three-year statute of limitations. N.C. Gen. Stat. § 1-

52(9).

The five causes of action all relate to the origination of the loans in 2005; however,

Plaintiffs did not file a complaint until eight years later in November 2013. Given that Plaintiffs

stipulated to the lender's ability to transfer the Note in their loan agreement, (Doc. 16-1), and all

information regarding the transfers is available in the public record, Plaintiffs were on notice of

any possible transfer of the Note upon closing of the Property in 2005.

In the alternative, Plaintiffs request the statute of limitations be tolled because Defendants

fraudulently concealed the loan transfers. "The purpose of the fraudulent concealment doctrine

is to prevent a defendant from concealing a fraud . . . until the defendant could plead the statute

of limitations to protect it." Detrick v. Panalpina, Inc., 108 F.3d 529, 541 (4th Cir. 1997)

(internal quotations omitted). A party invoking fraudulent concealment must demonstrate that:

(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of

plaintiffs' claim; (2) the plaintiff failed to discover those facts within the statutory period; and, (3) the plaintiff exercised due diligence. Id.

Plaintiffs have not alleged sufficient facts to demonstrate Defendants concealed the transfer of the loans to satisfy the particularity standard of Federal Rule 9(b), or that the alleged transfer was fraudulent in itself. For these reasons, Plaintiffs' Fraud in Concealment, Fraud in Inducement, Recission, and TILA and HOEPLA claims are all time-barred and are dismissed pursuant to Federal Rule 12(b)(6).

C.      Standing

Plaintiffs further allege Lack of Standing/Wrongful Foreclosure, Slander of Title, Quiet Title, and Declaratory Relief. At the core of these four causes of actions is the allegation that Defendants lacked authority to foreclose on the Property. (Doc. 41). These claims fail, however, because Plaintiffs have not alleged that Defendants have or have attempted to foreclose on the Property. (Doc 41). Moreover, a wrongful foreclosure claim is only relevant when a mortgagee has conveyed property to a third party. Patterson v. DAC Corp. of N. Carolina, 310 S.E.2d 783, 785 (N.C. App. 1984). Such facts have not been alleged here.

Additionally, Plaintiffs seek Declaratory Relief to establish that Defendants cannot enforce the Note or Deed of Trust, but courts have rejected Plaintiffs' theory that because the Note and the Deed of Trust have been separated in the securitization process, that the Deed has thereby been rendered void and unenforceable. (Doc. 1-1); Mullis v. First Charter Bank, 5:12-CV-00090-RLV, 2013 WL 3899888, *4 (W.D.N.C. July 29, 2013); see also Porterfield v. JP Morgan Chase Bank, Nat'l Ass'n, 4:13-CV-00128-BO, 2013 WL 5755499, *2 (E.D.N.C. Oct 23, 2013). Under North Carolina law, transfer of a promissory note secured by a deed of trust "constitutes an effective assignment," N.C. Gen. Stat. § 47–17.2, and the holder of a note can

enforce it as well as a deed of trust. N.C. Gen. Stat. § 25-1-201(21)(a). Moreover, the Plaintiffs' Note contains a clause explaining its transferability. (Doc. 16-1) ("I understand the Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the Note Holder."). The banks did not act improperly in transferring the Note into the Common Law Trust.

Plaintiffs' Slander of Title and Quiet Title claims fail for similar reasons. Slander of Title occurs when an individual maliciously and in bad faith makes false statements about the title of another's property, causing special damages. Joy v. MERSCORP, Inc., 935 F. Supp. 2d 848, 865 (E.D.N.C. 2013). Because the original lender had the right to sell the Note and disclosed that intention at closing of the Property, Plaintiffs fail to make a prima facie case for Slander of Title. The purpose of a claim of Quiet Title is to "free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion." Id. (citation omitted). Plaintiffs' Quiet Title claim has no basis as they have not alleged the Deed of Trust to be an encumbrance on the Property; nor is the evidence in dispute that Plaintiffs defaulted on their mortgage loan. Id. at 867. Therefore, Plaintiffs have failed to state claims for Lack of Standing/Wrongful Foreclosure, Declaratory Relief, Slander of Title, and Quiet Title upon which relief can be granted.

D.     Intentional Infliction of Emotional Distress

IIED claims require a showing of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Guthrie v. Conroy, 567 S.E.2d 403, 408 (N.C. App. 2002). Plaintiffs have alleged no facts regarding Defendants' transfer of the Notes that would

constitute "extreme and outrageous conduct." <u>Id.</u> The claim is merely a recitation of legal conclusions devoid of a factual basis.

For the reasons stated above, the Court **adopts** the findings and recommendation of the Magistrate Judge, (Doc. 41) and **grants Defendants' Motions to Dismiss** (Doc. 20, 26, 27).

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that:

1. Defendants' Motions to Dismiss (Docs. 20, 26, 27) are **granted**.

2. This case is **dismissed with prejudice.**

3. The Clerk of Court is directed to close this case.

Signed: July 30, 2014

Robert J. Conrad, Jr.
United States District Judge